*(handwritten, top left:)* TO KIANNE POWELL
4355 DON LUIS DR
LOS ANGELES, CA 90008
323-293-1645

*(handwritten:)* FILED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*(stamp:)* 2012 SEP 25   AM II: 47

*(handwritten left margin:)* X 15
21 Days
Summons

*(handwritten left margin:)* fee paid

| | |
|---|---|
| *(handwritten:)* Adrianne Powell | ) ) ) ) ) |
| **Plaintiff(s),** | ) |
| vs. | ) |
| *(handwritten:)* Bank of America | **Case No.** CV12-8256 *(handwritten:)* SVW ( JC Gx ) |
| | ) ) ) ) ) |
| **Defendant(s).** | ) |

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a pro se plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is *(handwritten:)* Adrianne Powell

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1



PAID

SEP 2 5 2012

Clerk, US District Court
COURT 4612

4.  Defendant, **Bank of America** , is
    (name, badge number if known)

☐ an officer or official employed by _____;
    (department or agency of government)

_____ or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

    acted is **California** . As to plaintiff's federal

    constitutional claims, the municipality, township or county is a defendant only if

    custom or policy allegations are made at paragraph 7 below.

6.  On or about **3/15/2009** , at approximately **10** ☒ a.m. ☐ p.m.
    (month,day, year)

    plaintiff was present in the municipality (or unincorporated area) of **CA**

    **California** , in the County of **LA** ,

    State of Illinois, at **4355 Don Luis Dr** ,
    (identify location as precisely as possible)

    when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

    ☐  arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

    ☐  searched plaintiff or his property without a warrant and without reasonable cause;

    ☐  used excessive force upon plaintiff;

    ☐  failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;

    ☐  failed to provide plaintiff with needed medical care;

    ☐  conspired together to violate one or more of plaintiff's civil rights;

    ☒  Other:
        **FDCPA Consumer Credit**
        **Due Process of Law**

2

7.  Defendant officer or official acted pursuant to a custom or policy of defendant
    municipality, county or township, which custom or policy is the following: (*Leave blank
    if no custom or policy is alleged*):_____

    _____

    _____

    _____

8.  Plaintiff was charged with one or more crimes, specifically:

    _____

    _____

    _____

    _____

    _____

9.  (*Place an X in the box that applies. If none applies, you may describe the criminal
    proceedings under "Other"*) The criminal proceedings

    ☐ are still pending.

    ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a
    fair trial as follows _____

    _____

    ☐ Other: _____

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

10.   Plaintiff further alleges as follows: *(Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.)*

SEE Attached
Exhibit A
Sheet

11.   Defendant acted knowingly, intentionally, willfully and maliciously.

12.   As a result of defendant's conduct, plaintiff was injured as follows:

Actual and punitive damages on account
of the defendants massive disorganized
conduct and open disregard for the Law Plaintiff
seeks, One-million. Dollars. Also seek injunctive relief

13.   Plaintiff asks that the case be tried by a jury.   ☐ Yes   ☒ No

4

14.   Plaintiff also claims violation of rights that may be protected by the laws of *California such*
as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,
and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE**, plaintiff asks for the following relief:

A.   Damages to compensate for all bodily harm, emotional harm, pain and suffering,
loss of income, loss of enjoyment of life, property damage and any other injuries
inflicted by defendant;

B.   □ *(Place X in box if you are seeking punitive damages.)* Punitive damages
against the individual defendant; and

C.   Such injunctive, declaratory, or other relief as may be appropriate, including
attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Adrianne Powell*

Plaintiff's name *(print clearly or type)*: *Adrianne Powell*

Plaintiff's mailing address: *4355 Don Luis Dr*

City *Los Angeles*   State *CA*   ZIP *90008*

Plaintiff's telephone number: *(323) 293-1645*

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

15.   Plaintiff has previously filed a case in this district. ☒ Yes ☐ No

*If yes, please list the cases below.*   *CV-12-5860-JAK(MANx)*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

Case 2:12-cv-05860-JFW-MAN   Document 10-4   Filed 07/30/12   Page 3 of 3   Page ID #:122

Branch :F32,User :W019                                                      Station ID :NH1V

*Exhibit (A)*

Recording Requested By:
**Bank of America**
Prepared By:  Roxae Centeras
450 E. Boundary St.
Chapin, SC 29036
888-603-9011
When recorded mail to:
**CoreLogic**
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID# 13373075365L5686

Property Address:
**4355 Don Luis Dr**
**Los Angeles, CA 90008-4232**
545-65/L 1872074      4/15/2011

MIN #: 100136960015744889       This space for Recorder's use

MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3** whose address is 1761 EST ANDREW PL., SANTA ANA, CA 92705 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:       **WYMAN FUNDING GROUP, INC.**
Original Borrower(s):  **ADRIANNE POWELL, AN UNMARRIED WOMAN**
Original Trustee:      **FINANCIAL TITLE**
Date of Deed of Trust: **6/1/2006**
Original Loan Amount:  **$688,800.00**

Recorded in Los Angeles County, CA on: 6/14/2006, book N/A, page N/A and Instrument number 06 1309517

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
**9-14-11**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Lorena Maloquias, Assistant Secretary

State of Arizona
County of Maricopa

On **9/14/2011** , before me, **Loutta Schultz**, Notary Public, personally appeared Lorena Maloquias of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., whose identity was proven to me on the basis of satisfactory evidence to be the person who he or she claims to be and whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year last written.

_____
Notary Public:
My Commission Expires: 8/9/2012

LOUTTA SCHULTZ
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
August 9, 2012

LOS ANGELES, CA  Document:AS 2011.1368277                                    Page:2 of 2

Printed on:7/25/2012 11:27 AM

EXHIBIT D                                                                     Page 38



Branch :F32,User :W019

Station ID :NH1Y

*Exhibit (D)*

γ

Recording Requested By/Return To:
WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504
Attn: (CORRESPONDENT)

**06 2457956**

Prepared By:
CHRISTINA FLORES

WMC MORTGAGE CORP.

3100 THORNTON AVENUE

BURBANK, CA 91504

## ASSIGNMENT OF DEED OF TRUST

POWELL
Loan #: 11574688
Serv #: 11574688
Serv #: 11574688    MIN: 100136300115744889

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3100 THORNTON AVENUE BURBANK, CA 91504 does hereby grant, sell, assign, transfer and convey, unto Mortgage Electronic Registration Systems, Inc (MERS), its successors and assigns, a corporation organized and existing under the laws of Delaware (herein "Assignee"), whose address is P O Box 2026, Flint, Michigan, 48501-2026, a certain Deed of Trust, dated June 2, 2006, made and executed by ADRIANNE POWELL, AN UNMARRIED WOMAN

to WESTWOOD ASSOCIATES, A CALIFORNIA CORPORATION Trustee, such Deed of Trust having been given to secure payment of Six Hundred Eighty-Eight Thousand Eight Hundred And 00/100 ($ 688,800.00 ) (Include the Original Principal Amount) which Deed of Trust is recorded as Instrument No. 06 1309317 on 6-16-06 in book _____ page _____, Records of LOS ANGELES County, State of CALIFORNIA, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust

*See exhibit "A"*

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust
IN WITNESS WHEREOF, the undersigned Assignor has executed this assignment of Deed of Trust on June 23, 2006

Assignor: WMC MORTGAGE CORP.

Witness  *Ligia Carmona*

By _____
(Signature)
JEAN CASTILLAN
Asst Secretary

Witness  *Yelson Mejia*

Rev 10/02

MIN   100136300115744889
DocuTech Form 5206 (CA)
DOCUN1Y!
DOCUN1Y1.VTX 09/02/2005

MERS Phone 1-888-679-6377
Page 1 of 2

On or about March, 2009, Plaintiff contacted Bank of America explaining that she had been having financial difficulties for the past year and Plaintiff explained to Defendant that she had exhausted her savings to keep current on her mortgage. Plaintiff's March 15th, 2009 payment was the first payment Plaintiff had missed since getting this loan and Plaintiff had never been late. Defendants took information, financial and other information on the phone, and mailed out a packet that Plaintiff completed and returned to them March 29th, 2009 by mail and fax. Over the next six months Plaintiff made approximately 40 calls to defendants' and Plaintiff was able to talk to the same person or department. So each call Plaintiff had to go over the same thing and give a new verbal update on her financial situation even if it had only bee a few days. Plaintiff made two payments during this time that totaled $7500.00, one was a full payment and the other was a partial payment.

During this time their response to Plaintiff calling was: In process (dozens of times) still being worked on. Plaintiff sent another message to work out department to get her an update, still no new paperwork or even a letter, nothing. On August 9th, 2009 Plaintiff called and was told her account was still in review and that Plaintiff should get something in the mail by August 27, 2009, and that Plaintiff didn't have to call back before then. Sept. 28, 2009 when Plaintiff called she was asked to enter her account number, and when Plaintiff did it, it sent Plaintiff straight to the foreclosure department. Then defendants would transfer her to the hope department. Then she learned that they did not have her file, and then they would transfer Plaintiff to another department to start all over again. Finally after doing this a few times and talking to a clerk named George and being told once again that they did not have her file. Plaintiff asked for a supervisor, Plaintiff got the run around and then defendant's transferred Plaintiff to the making home affordable department. On Oct. 21, 2009 at 12:45 pm Plaintiff was out in the front of her home and a woman walked up to Plaintiff and handed her a post card; (Important Notice an independent property inspector visited your property on the date and time listed below. The purpose of this visit was to determine the occupancy and the security conditions of your property etc., and for Plaintiff to call the bank, which Plaintiff did and once again Plaintiff was told that her loan was up for review.

On November 2, 2009 at 12:32 pm, Plaintiff called and got a voice recording stating that Plaintiff's loan had been approved and had been assigned to a work out negotiator. Plaintiff was told she would hear something by December 28, 2009; she did not need to call before then. Plaintiff called anyway on November 21, 2009, and now Plaintiff's account was back in review and no one could say why. No one knew why Plaintiff got the voice recording either. Defendants said someone would contact her about this within a week. Plaintiff received no calls and no letters so on November 31, 2009 Plaintiff called again and was told after the update of her information once again defendants should have an update for Plaintiff by the end of the week. And defendants told Plaintiff to call back in a few days.

Starting in mid January, 2010 Plaintiff had some real hardships. Plaintiff learned that her brother who she had given a kidney in 2004 was in the hospital for a minor surgery so they said, but he had stage four cancer and there was no hope. Plaintiff talked to him and was on my way to see him when he stopped talking so by the time Plaintiff got there he was I a veggie state. So all Plaintiff could do is hold his hand and tell him what a good brother he was as he passed away. Then eight days later her 41 year old nephew had a massive hard attack and passed away on his coach. Nine days later Plaintiff's cousin who



had a minor fall hit her head and got a brain aneurysm and died. So before March first of 2010 Plaintiff had lost three very close family members. Plaintiff called defendants; however her heart was not in it. Plaintiff was still getting the run around about her account being in review. By this time Plaintiff had been told twice by different Bank of America employees do not make any more payments because they were going straight to interest and they were not helping her one bit and the partial payments Plaintiff could make was no acceptable. In October, 2009 Defendant's took over paying Plaintiff's home insurance in December, 2009, and they also took over paying the property taxes. On May 5, 2010 Plaintiff call defendants and was told that her account was closed and Plaintiff asked for a supervisor Tina Wright and she told her that my account was closed April 5th, 2010, and when Plaintiff asked her why she said no reason was stated. She started Plaintiff a new file and she sent her out a new packet, which Plaintiff filled out and sent back to them.

In the evening of May 5th, 2010 Plaintiff received a call from the collection dept. at Bank of America and they stated that Plaintiff was $76,075.03 past due in the last 16 months. Plaintiff had to explain to defendants that she had a work out in process and Plaintiff asked for a supervisor and she was put on hold for a long time. When someone got on the line she would not tell me her name only that she was in charge, and that I owned the money and she did not care if she had to sale my house or not. After all this the Plaintiff was also told that because Plaintiff was not delinquent when she first called them her account was put on the back burner for a few months. Plaintiff was told that her account did not get opened until July, 2009. Plaintiff was never able to talk to the same person twice. Plaintiff has had to talk to every dept. Defendants continued to give Plaintiff the same run around about her account being in review.

**Robo-signer Fraud:**

**Promissory Estoppels:**

Plaintiff alleges that on or about March and December, 2009, a representative of Defendant told Plaintiff that they could modify her mortgage, but only if Plaintiff was in default. The same representative, Plaintiff alleges, then instructed Plaintiff to purposely stop making her mortgage payments in order to qualify. Relying on that statement, Plaintiff ceased trying to make payments and defaulted on her loan. Defendants', however, did not restructure Plaintiffs' loan. After Plaintiff defaulted on her loan, California law allowed Defendants' to foreclose on Plaintiffs' property once Plaintiff had defaulted on the loan Cal.CivCode 2924. The doctrine of promissory estoppels makes a promise binding under certain circumstances without consideration. In the usual sense of something bargained for and given in exchange. Under this doctrine a promissory is bound when she should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise binding under, if injustice can be avoided only by its enforcement. The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to los or injury by disappointing the expectations upon which he acted. When a party acts to its detriment in reliance on a promise, promissory estoppels affords that party a remedy, even when the promissory received no consideration for its promise. In this case, Plaintiff has alleged (a) that defendants promised to modify Plaintiffs' loan if Plaintiff stopped making payments and

9

that Plaintiff relied on defendants' promise and therefore stopped making payments and entered default, and(c) that defendants' failed to modify Plaintiffs' loan as promised. Plaintiff has documents in her passion to support this claim.

Robo-Signer Fraud:

On or about September 14,2011, the person who signed the Assignment of Deed of Trust that involved a signature from Lorena Malaquias, who signed her name for MERS as an Assistant Secretary for MERS. She was never voted in by the Board of Directors as an assistant secretary for MERS. Henceforth, the assignment was phony, forged signature for MERS is a fraud and the so-called Assignment of Deed of Trust is a nullity, void and invalid. Furthermore, MERS does not have any employees as stated in a deposition of William C. Hultman. See attached exhibit (C) (Copy of deposition from William C. Hultman).

Plaintiff alleges that defendants' were negligent because defendants' demanded mortgage payments when they did not have the right to enforce that obligation. This allegedly caused Plaintiff to overpay in interest, among other things. As a result of the "reckless negligence, utter carelessness, and blatant fraud of the defendants', Plaintiff's chain of title has been rendered unmarketable and fatally defective. Plaintiff alleges that defendants did not have the legal authority to demand payments from Plaintiff because of an assignments' invalidity. If defendants were not a lender legally authorized to collect payments from Plaintiff, the general rule shielding actual lenders from liability would not apply.

Defendants' violated the FDCPA by making various false representations in its attempt to collect on the loan. The FDCPA's definition of a debt collector does not include a mortgage servicer or an assignee of the debt, where the debt was not in default at the time it was obtained by a servicing company. (citing 15 USC 1603(a)6(f). Further, Plaintiff argues that a foreclosure on a property based on a deed of trust does not constitute collection of debt within the meaning of the FDCPA. Plaintiff argues that the statute's definition of a debt collector does not include an entity attempting to collect a debt not in default when the debt was obtained by that entity. Plaintiff point out, when does not allege that foreclosure of the property constituted the violation; instead, she believes the demands of payment and threats were unlawful. Further, any actions taken by defendant in pursuit of the actual foreclosure may not be challenged as FDCPA violation, but Plaintiffs' may maintain any FDCPA claim based on alleged actions by defendant in collecting a debt.

Plaintiff further alleges that defendant has engaged in unfair, unlawful, and fraudulent business practices by executing misleading documents, executing without proper authority to do so, and demanding payments for non-existent debt among other things.

Therefore, Plaintiff Adrianne Powell respectfully requests that this honorable court grant her any and all relief that this court deem just and fair in the interest of justice.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 8256 SVW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

## UNITED STATES DISTRICT COURT

for the

Central District of California

Adrianne Powell )
_____ )
*Plaintiff* )
)
v. )  Civil Action No. CV12-8256 SUW (JCGx)
)
Bank of America )
_____ )
*Defendant* )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Bryan Cave LLP
C/O
Bank of America
120 Broadway Suite 300
Santa Monica, CA 90401

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Adrianne Powell
4355 Don Luis Dr
Los Angeles, CA 90008

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 9-25-12     _____
*Signature of Clerk or Deputy Clerk*

1149

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

*Adrianne Powell*

**DEFENDANTS**

*Bank of America*

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

*Pro se*

Attorneys (If Known)

*Paul Rogoff*
*120 Broadway Suite 300*
*Santa Monica, Ca. 90401*

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*FDCPA violation of Consumer Credit*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV12-8256

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☒ Yes
If yes, list case number(s): *CV-12-5860-JAK(MANx)*

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| *Los Angeles* | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| *Los Angeles* | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| *Los Angeles* | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Adrianne Powell*  Date  *9-25-12*

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |